United States District Court
Southern District of Texas
**ENTERED**
April 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CMH BROTHERS, INC., § § § Plaintiff, § v. § § GREAT LAKES INSURANCE SE, § § Defendant. § § | CIVIL ACTION NO. H-23-4760 |

**MEMORANDUM AND ORDER**

This dispute began in October 2019, when a strip center in Houston caught fire. The plaintiff's small grocery store in the strip center had damage to store contents and inventory and suffered business interruption. (Docket Entry No. 1). Great Lakes had issued a Business Personal Property and Business Income and Extra Expense policies covering the store. The store owner, the plaintiff, promptly reported the claim. Great Lakes retained independent adjusters, who inspected the property and began working with the plaintiff to get information needed to complete investigating and adjusting the claim. The defendant also retained forensic accountants to review the business interruption part of the claim. (Docket Entry No. 3 at 2).

Between December 2019 and January 2020, the investigating and forensic accounting representatives working on Great Lakes' behalf asked the plaintiff's representatives for additional documents, but the plaintiff produced only a small portion of the requested documents. (*Id.* at 3). During this period, the plaintiff received $359,333.80 in advance payments from Great Lakes. The plaintiff retained counsel at this stage, believing that Great Lakes was failing to properly investigate the claim or timely pay damages.

In March 2021, the parties completed an examination under oath of the plaintiff's representative, Hung Tran. Counsel for Great Lakes asked the plaintiff, through the counsel then representing him on the claim, to review the pages sent of the transcript of his examination under oath and to sign and return the signature pages swearing to the truth of his testimony, as required by the policy. Great Lakes also continued its efforts to obtain the production of documents responsive to its requests.

In September 2021, with no response from the April 2021 inquiries, Great Lakes again wrote to plaintiff's counsel and again asked for the documents. The plaintiff responded by hiring a new law firm, its third. The third firm failed to comply with the discovery obligations and withdrew from representing the plaintiff. (*Id.* at 4). At this point, Great Lakes declined the claim, based on the plaintiff's failure to comply with the insurer's requests as required by the policy. Since August 2023, the plaintiff has successively retained a fourth, fifth, and then sixth law firm on this matter.  The plaintiff filed suit in Texas state court in October 2023, and Great Lakes removed. (Docket Entry No. 1-1).

With this history, Great Lakes asks for two categories of relief. First, Great Lakes moves to abate the action until the plaintiff complies with the outstanding document demands and complies with the other conditions precedent to suit. The case law in this district supports abatement until the insurer provides the information the insurer needs to reasonably investigate, such as by obtaining the requested documents called for under the policy. *See Brown v. State Farm Lloyds*, No. 10-CV-63, 2012 WL 1077668, at *3 (S.D. Tex. Mar. 29, 2012) (collecting cases).  The court grants Great Lakes' motion to abate this case until the plaintiff provides the information and documents that are a condition precedent to suit on the policy. When those documents are produced, and the plaintiff files a timely motion to lift the abatement—no later than 14 days after

the documents are produced—the court will hold a hearing and, if circumstances warrant, lift the abatement so the case can proceed.

Second, Great Lakes moves to preclude the plaintiff from recovering attorney's fees from the date of this motion, for failing to comply with the pre-suit notice of plaintiff's claims against the defendant more than 60 days before the plaintiff filed suit. *See, e.g.*, *Perrett v. Allstate Ins. Co.*, 354 F. Supp. 3d 755 (S.D. Tex. 2018) The plaintiff argues that language barriers and the change in counsel prevented the plaintiff from providing pre-suit notice. (Docket Entry No. 6 at 4). But the plaintiff filed suit 201 days before limitations ran. The new counsel could have provided notice and waited 60 days to file, and neither the language difficulties nor the changes in counsel provide an explanation for failing to do so. The plaintiff's unexcused delay in providing pre-suit notice precludes the plaintiff from recovering attorney's fees after March 7, 2024.

Finally, Great Lakes moves for an order that would preclude the plaintiff from recovering fees incurred after the motion filing. This is premature. Whether such fees are precluded will depend on how quickly and thoroughly the plaintiff meets the conditions present that remain to be completed.

The motion to abate, (Docket Entry No. 3), is granted until the documents have been provided by the plaintiff, which must be done by **May 10, 2024,** and the plaintiff moves to lift the abatement within 14 days after producing the documents that have been requested, or by **May 24, 2024**. If these actions are not taken by the deadlines set, this case may be dismissed.

SIGNED on April 10, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge